UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SANCHEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>W.L. MONTGOMERY,<br><br>　　　　Respondent. | Case No. EDCV 15-1907 RGK(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I.　SUMMARY

On September 17, 2015, petitioner Andrew Sanchez ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Petition").[1]  The Petition appears to challenge petitioner's 2011 conviction and sentence in Riverside County Superior Court.  (Petition at 2).

It plainly appears from the face of the Petition that the Petition is wholly unexhausted as petitioner's claims have not been presented to or resolved by the California Supreme Court, and accordingly, that petitioner is not entitled to federal habeas relief on his claims at this time.  As explained below, the Court must

---

[1] As the pagination of the Petition is inconsistent and in some cases is missing, the Court herein references the pages consecutively – consistent with the pagination on the electronic version of the Petition on the docket.

dismiss this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II.  DISCUSSION

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000).  "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights."  Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state.  Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 558 U.S. 1091 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte.  Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993).  Petitioner has the burden of demonstrating he has exhausted available state remedies.  See, e.g.,
///

Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

In the present proceeding, the Petition affirmatively reflects that petitioner has not presented his instant claims to the California Supreme Court either by way of a petition for review or a petition for writ of habeas corpus. (Petition at 4 [no petition for review filed]; Petition at 4-5 [single Riverside County Superior Court habeas petition identified in response to inquiry calling for details of any habeas petitions filed in state court with respect to judgment of conviction in issue]; Petition at 6 ["No" box checked in response to inquiries as to whether Grounds One and Two raised in petition for review or habeas petition filed in California Supreme Court]; Petition at 12 [No box checked in response to inquiry as to whether Ground Three raised in petition for review or habeas petition filed in California Supreme Court]. The Court further takes judicial notice of the dockets of the California Supreme Court, available via http://appellatecases.courtinfo.ca.gov, which contain no record of petitioner having sought relief in such court relative to the judgment in issue. Accordingly, it plainly appears from the face of the Petition, as well as matters as to which the Court has taken judicial notice, that petitioner cannot meet his burden to demonstrate that his claims have been exhausted.

Although it is clear that the California Supreme Court has not been presented with and has not addressed petitioner's claims, the exhaustion requirement may nonetheless be satisfied if petitioner's claims are clearly procedurally barred under state law. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). In this case, it is not at all "clear" that the California Supreme Court would deem petitioner's claims procedurally barred under state law if he were to raise them in a habeas petition in the California Supreme Court. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a

judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  However, this Court expresses no opinion regarding whether consideration of petitioner's claims might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993).  The California Supreme Court should evaluate the matter in the first instance.  Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims.  See, e.g., Park, 202 F.3d at 1151-52.

Once, as in this case, a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Accordingly, because the Petition in this case is wholly unexhausted, dismissal thereof on this ground is appropriate.

**III. ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.

DATED: September 22, 2015

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE